**FILED**

NOV 2 5 2020

Clerk, U.S. District Court
Texas Eastern

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| Jamie Ray Coots, and Shannon Lee Brown, )<br><br>vs.                                    )<br>                                         )<br>                                         )<br>                                         )<br>Victoria Tankersley, and Tankersley Real - )<br>Estate,                                  )<br>DEFENDANTS. | Civil Rights Complaint<br><br>Cause No.<br><br>6: 20cv 617<br>JCB/ JDL |

### PLAINTIFF'S FIRST ORIGINAL COMPLAINT

COMES NOW, Jamie Ray Coots, and Shannon Lee Brown, Pro Se ("Plaintiffs"), and

hereby files their Civil Rights Complaint, Pursuant to **42 U.S.C 3604-3617, Sec 804-818** of the

FAIR HOUSING ACT and Pursuant to **42 U.S.C 12181-12189** of the AMERICAN WITH

DISABILITIES ACT against Victoria Tankersley, and Tankersley Real Estate ("Defendants"),

and alleges as follows:

1. This is a complaint stemming from federal civil rights violations, and flowing over

   into other torts. This court has jurisdiction under both Federal and pendent State law

   claims invoked.

2. Plaintiff hereby consents to the entry of final orders or judgment by the Judge of said

   court.

3. Defendants operates her business and also resides within this Court jurisdiction.

   Plaintiff civil rights are being violated and has suffered damages by defendant by

   virtue of the following facts:

Jamie Coots Fed Suit - Page 1 .

## Parties

4. Plaintiff, Jamie Ray Coots, and Shannon Lee Brown, both resides at: 194 Cottonwood Ln., Murchison, Texas 75778.

5. Defendants, <u>Victoria Tankersley</u>, and Tankersley Real Estate, may be served with process at the following mailing address: 249 S. Oak St., P.O. Box 547, Van, Texas 75790.

## FACTS:

1. Plaintiffs, Jamie Ray Coots, and Shannon Lee Brown, are tenants whom made arrangements with Defendant to travel from another State and enter a lease agreement for premises from Defendants Victoria Tankersley, and Tankersley Real Estate commencing on April 1st 2019.

2. When the Plaintiffs arrived in Texas and first saw the premises Defendant leased to them, they discovered the premises were not as advertised to them by Defendants, and the property have the following problem(s): Infestation from broken windows all over the house also water build-up from a leaking roof, trees fallen on power line, lake dock unsafe, stairs is in need of repair, wet leaves from leaks, no smoke detectors anywhere in the house.

3. Plaintiff notified Defendant about the problems beginning upon seeing the property and entering contract on April of 2019. Defendant did not make a diligent effort to repair or remedy the problem(s).

4. After Defendant failed to repair the condition(s) that materially affected the physical health and safety of Plaintiffs, Plaintiff exercised their rights according to Section 92.0561 of Texas Property Code, by notifying the property owner (Defendant) that Plaintiff would

Jamie Coots Fed Suit - Page 2.

be deducting from the rent for loss of full enjoyment of their rental unit and expenses thereof.

5.  Plaintiff was eventually greeted with hostility from Defendant, and Defendant begin sending her workers by Plaintiffs home without notice after being asked not to, called Plaintiff to ask why they had black people at their residence, told they have to remove their medical prescribed service animal off the property acting with deliberate indifference to serious medical needs, and Defendant demanded the Plaintiffs to leave their home.

6.  On or about September 23rd, 2020, Defendant Victoria Tankersley, and Tankersley Real Estate made an escalating series of unlawful actions by filing frivolous eviction lawsuits in bad faith against the Plaintiffs. Filing complaints suggesting that Plaintiffs were using too much water to stay clean during a state of emergency, and intimidating Plaintiffs for complaining about her unlawful acts.

7.  Defendant Victoria Tankersley, and Tankersley Real Estate has sought to advance her unlawful campaign's goal of "harassment" by using the Justice of the Peace Courts in an unlawful manner to evict Plaintiffs and to engage in the unlawful intimidation of Plaintiffs in Van Zandt County and elsewhere.

8.  Furthermore, the Defendant has violated State & Federal Privacy Laws in obtaining the Plaintiff's personal information, in that Defendant intended use and purpose was to harass, and commit improper acts with the said information.

## I.  CAUSES OF ACTION

### Violations of Americans with Disability Act

1.      Defendant Refused the Plaintiffs request to make, at the expense of the Plaintiff with a disability, **reasonable modifications** of existing lease terms, e.g. allowing use of a

service dog in their prescribed medical therapy and rehabilitation, and such modification was necessary to afford the Plaintiffs an equal opportunity to use and enjoy their dwelling. UNDER SECTION 42 USC 12182

## II. Breach of Lease Contract

Defendant breached the lease contract with Plaintiff UNDER SECTION 92.0563 OF THE TEXAS PROPERTY CODE. Plaintiff is entitled to actual damages (which can be calculated by considering the reduced enjoyment of the premises) and court costs for each problem identified above, and Plaintiffs hereby requests relief for each separately.

## Violations of Fair Housing Act

2.        Defendant refused the Plaintiffs request to make, at the expense of the Plaintiff with a disability, **reasonable modifications** of existing lease terms, e.g. allowing use of a service dog in their prescribed medical therapy and rehabilitation, and such modification was necessary to afford the Plaintiffs an equal opportunity to use and enjoy their dwelling UNDER SECTION **804. [42 U.S.C. 3604]**

## III. Intentional or Reckless Infliction of Emotional Distress

Defendant intentionally or recklessly inflicted emotional distress upon Plaintiffs when they exercised their rights according to Section 92.0561 of the Texas Property Code, by notifying the property owner (Defendant) that Plaintiff would be deducting from the rent for loss of full enjoyment of their rental unit and expenses thereof, by eventually being greeted with hostility from Defendant, Defendant begin sending her workers by Plaintiffs home without notice after being asked not to, and Defendant finally demanded the Plaintiffs to leave their home, thereby behaving in a way that was "extreme and outrageous." Defendant made harassing phone calls, harassing acts or inactions, and arranged intimidating visits to the Plaintiffs residence with no respect for Plaintiff rights, which is the subject of this lawsuit.

Jamie Coots Fed Suit - Page 4.

3. Defendant recklessly disregarded her duty to respect Plaintiff rights when she made intimidating phone calls, visits, and failed to make necessary home repairs to the rental property that was leased to the Plaintiffs, and that proximately caused the Plaintiffs public humiliation, shame and financial/economic damages. UNDER SECTION **818 [42 U.S.C. 3671]**

## A. <u>LIABILITY FOR STALKING</u>

Defendant is also liable to the Plaintiff for stalking in accordance with TEX. CIV. PRAC. & - REM. CODE, Sec. 85.002 which provides that defendant is liable, as provided by this chapter, to a claimant for damages arising from stalking of the claimant by the defendant: (a)

(1) Plaintiff states that on more than one occasion the defendant Victoria Tankersley, engaged in harassing behavior;

(2) as a result of the harassing behavior, the Plaintiff reasonably feared for the Plaintiff's safety or the safety of a member of the Plaintiff's family and attempted to filed criminal complaint against Victoria Tankersley, and Tankersley Real Estate; and

(3) the defendant Victoria Tankersley, and Tankersley Real Estate, while engaged in harassing behavior, by acts or words threatened to inflict bodily injury on the Plaintiff or to commit an offense against the Plaintiff, or the Plaintiff's property;

(B) the defendant had the apparent ability to carry out the threat;

(C) the defendant's apparent ability to carry out the threat caused the Plaintiff to reasonably fear for the Plaintiff's safety or the safety of a family member and call Police;

(D) the Plaintiff at least once clearly demanded that the defendant Victoria Tankersley, and Tankersley Real Estate stop the defendant's harassing behavior;

(E) after the demand to stop by the Plaintiff, the defendant continued the harassing behavior; and

(F) the harassing behavior has been reported to the police as stalking and threat by not wearing face mask offenses.

(b) The Plaintiff, as part of the proof of the behavior described herein, will summons the police records showing said complaint against Victoria Tankersley, and Tankersley Real Estate, as evidence other than evidence based on the Plaintiff's own perceptions and beliefs.

Jamie Coots Fed Suit - Page 5.

## A. Gross Negligence

4. Defendant Victoria Tankersley, and Tankersley Real Estate had a duty to use reasonable care in applying her best knowledge, information, and belief, formed after reasonable inquiry, that her filing of lawsuit and/or eviction against Plaintiffs was groundless and brought in bad faith; groundless and brought for the purpose of harassment; or groundless and interposed for improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation. Defendant Victoria Tankersley, and Tankersley Real Estate breached that duty when she intentionally or recklessly filed eviction letters and complaint against the Plaintiffs and inflicting emotional distress upon Plaintiff by behaving in a way that was "extreme and outrageous." Defendant made threatening phone calls, mailed threatening letters, and sent unknown people to the Plaintiff residence which is the subject of this lawsuit," was "extreme and outrageous conduct," and Defendant (i) which viewed objectively from the standpoint of that actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others (including the Plaintiff); and (ii) of which the actor/Defendant has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of the Plaintiffs, in which damages should be presumed."

## Irreparable Injury

If the Defendant actions are not enjoined, Plaintiffs personal life will be wrongfully damaged; the Plaintiff will lose their residence, enjoyment, and a peace of mind. Defendant refuses to obey laws previously issued by the Center of Disease Control and Prevention, Governor Executive Order Mandates, the contract agreement with Plaintiffs, and is determined to continue harassing

Jamie Coots Fed Suit - Page 6.

the Plaintiffs and inflicting harm upon the Plaintiffs, both mentally and physically.  Plaintiff is living in constant fear for their safety and freedom due to the Defendant unlawful acts. Plaintiffs are being forced to move out of their home/residence and into the streets because of fear from Defendants actions. Plaintiff states that absent a preliminary injunction they will suffer injury that is neither remote nor speculative, but actual and imminent."

## Relief

The amount of the Plaintiffs damages is well in excess of the jurisdictional minimums of this Court. Many elements of damage, including economic loss, suffering and mental anguish in the past and future, past and future lost earning capacity, and exemplary damages cannot be determined with mathematical precision at this time.

Furthermore, the determination of many of these elements of damage is peculiarly within the province of the Judge or jury. Plaintiff does not at this time seek any certain amount of compensatory damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the Judge or jury to determine an amount that would fairly and reasonably compensate him.  However, and only because Rules of Civil Procedure require such a statement, at this time Plaintiff seeks monetary relief of over $100,000.00 and judgment for all other relief to which the Plaintiff may be entitled. Plaintiff pleads in the alternative that he seeks monetary relief of over $200,000 in punitive damages. However, Plaintiff fully trusts the Judge or jurors to make a fair determination of the amount of monetary relief actually awarded to fully compensate him for his losses.

**Certification and Closing**

Jamie Coots Fed Suit - Page 7.

Under Federal Rule of Civil Procedure 11, by signing below, I ceItify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _23, November 2020_

"I am Plaintiff in this cause. I have personal knowledge of the facts stated above, and they are true and correct."

Jamie Ray Coots, and Shannon Lee Brown, **Affiant**
194 Cottonwood Ln. Murchison, Texas 75778

SIGNED under oath before me on _Nov. 23, 2020_

Delilah A. McLemore Williamson
Notary Public, State of Texas

DELILAH A. MCLEMORE-WILLIAMSON
Notary Public, State of Texas
Comm. Expires 04-03-2021
Notary ID 131071098

Jamie Coots Fed Suit - Page 8.