UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00617

**Jamie Ray Coots and Shannon Lee Brown,**
*Plaintiffs*,

v.

**Victoria Tankersley et al.,**
*Defendants*.

## ORDER

Plaintiffs Jamie Ray Coots and Shannon Lee Brown initiated this action proceeding pro se and in forma pauperis against defendants Victoria Tankersley and Tankersley Real Estate. Plaintiffs allege violations of the Americans With Disabilities Act and the Fair Housing Act, breach of contract, intentional infliction of emotional distress, harassment, stalking, and gross negligence. Docs. 1, 7. This case proceeded through discovery, and on June 1, 2021, defendants filed a motion for summary judgment and a motion to dismiss. Docs. 34, 36. Plaintiffs filed a motion to compel and a motion for sanctions. Docs. 32, 33.

On June 25, 2021, United States Magistrate Judge John D. Love issued a report and recommendation. The report recommended that defendants' motion be granted. It also recommended that plaintiffs' ADA and FHA claims be dismissed with prejudice and that the corresponding state-law claims be dismissed without prejudice. Doc. 41. Judge Love also denied plaintiffs' motion to compel and motion for sanctions. *Id.* Thereafter, on July 8, 2021, plaintiffs filed a response objecting to the report and recommendation. Doc. 43. Defendants filed a response to plaintiffs' objections. Doc. 44.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). The court reviews

all unobjected-to portions of the report and recommendation only for clear error or abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Plaintiffs' objections recount the circumstances of their residential lease and subsequent property disputes. The plaintiffs' specific objections are that the magistrate judge erred in recommending a grant of summary judgment because more discovery was needed. Doc. 43. Plaintiffs also object to defendants' summary judgment evidence. *Id*.

Plaintiffs contend that the proposed discovery ought to have focused on the HOA bylaws and whether defendants had ever gotten an exemption for the leased property. Doc. 43 at 12, 20. As an initial matter, the court notes that plaintiffs were provided a schedule for discovery in this case and afforded the opportunity to seek discovery to support their claims. Doc. 22. Plaintiffs did not request additional time to complete discovery. Plaintiffs did file a motion to compel discovery regarding the rental lease, any repairs or work orders on the property, work done on the property, and text communications concerning repairs. Doc. 32 at 5–6. None of these requests were related to the HOA bylaws or defendants' compliance therewith. Moreover, the court finds no clear error in the magistrate judge's denial of that motion to compel.

The relevance of discovery regarding an HOA exemption to plaintiffs' asserted ADA and FHA claims is not apparent. Regarding the ADA claim, as the magistrate judge discussed, the threshold legal question was whether plaintiffs had established that the property in question was a place of public accommodation such that the ADA would apply. Doc. 41 at 7. Plaintiffs do not point to specific facts regarding their contention that the HOA renders the rental property in question a place of public accommodation. Any such facts are missing from plaintiffs' liberally construed allegations in this case. In their objections, plaintiffs contend that the driveway, sidewalks, walkway, and fishing dock would all be common places for purposes of applying the ADA. Doc. 43 at 18–19. However, even if plaintiffs had established a factual basis to demonstrate the common usage of

these areas of the surrounding property, which they have not, plaintiffs' alleged ADA claim is unrelated. Plaintiffs contend that they are being evicted from their leased residential dwelling because defendants would not make a reasonable modification of the lease terms to allow the use of service animal within that dwelling. Doc. 7 at 3. Plaintiffs have made no allegations regarding any failed modifications with respect to common-use areas and any alleged service animals.

Plaintiffs' relevancy arguments regarding missing HOA discovery with respect to their FHA claim is less clear. Plaintiffs cite to the Hickory Hills HOA declaration of covenants and contend that defendants have not requested any exemption connected to the rental house in question. Doc. 43 at 19–20. Specifically, plaintiffs contend that defendants have not requested the HOA to "waive the single-family-residential-use and or restrictions to allow unrelated residents to live at the rental house or to not allow Animal Husbandry." *Id.* at 20. Again, plaintiffs' FHA claim is that defendants refused to make a reasonable accommodation to modify the lease agreement to allow for the use of a service dog. Doc. 7 at 3–4. The relevance of whether defendants sought an exemption to the HOA covenant with respect to this claim is unclear, particularly given that the portion of the covenant relied on by plaintiffs specifically allows for dogs and cats. Doc. 43 at 19.

In sum, additional discovery in this matter would not impact the validity of the asserted claims. Plaintiffs' ADA and FHA claims are legally insufficient. Additionally, while plaintiffs do lodge several objections with respect to defendants' summary judgment evidence, the court finds those arguments unpersuasive. The magistrate judge did not rely on any self-serving affidavits in reaching his recommendation on defendants' summary judgment motion. Plaintiffs raise no other objections to the magistrate judge's findings and conclusions in this matter. The court finds no error with respect to those findings and conclusions.

Accordingly, the report and recommendation (Doc. 41) is accepted. Fed. R. Civ. P. 72(b)(3). Defendant's motion for summary judgment (Doc. 34) is granted. Plaintiffs' ADA and FHA claims are

dismissed with prejudice and plaintiffs' state-law claims are dismissed without prejudice.

*So ordered by the court on July 22, 2021.*

J. CAMPBELL BARKER
United States District Judge